# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SS Body Armor I, Inc., *et al.*, | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |
| Jon Jacks, | Civ. Action No. 21-895-MN |
| Appellant. | Civ. Action No. 21-896-MN |
| v. | Civ. Action No. 21-897-MN |
| SS Body Armor I, Inc., *et al.*, The Recovery Trust for SS Body Armor I, Inc., *et al*. | Civ. Action No. 21-898-MN |
| Appellees. | |

## MOTION TO INTERVENE IN APPEALS
## PURSUANT TO BANKRUPTCY RULE 8013(g)

The Movants[1] hereby submit this motion (this "Motion")[2] for the entry of an order granting the Movants leave to intervene in the above-referenced bankruptcy appeals (collectively, the "Appeals") filed by Jon Jacks (the "Appellant"). In support of this Motion, the Movants respectfully submit as follows:

---

[1] The Movants are: (i) Brian K. Ryniker, solely in his capacities as Recovery Trustee of the Recovery Trust established pursuant to the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* (the "Plan") and member of the Post-Confirmation Debtor Oversight Committee, (ii) Larry R. Ellis, solely in his capacity as member of the Recovery Trust Committee, (iii) Sanjay Nayar, solely in his capacity as member of the Recovery Trust Committee, (iv) Rick Rosenbloom, solely in his capacities as member of the Post-Confirmation Debtor Oversight Committee and member of the Recovery Trust Committee, and (v) Jack Thurmon, solely in his capacity as a member of the Post-Confirmation Debtor Oversight Committee.

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the Plan.

28363918.4

## BACKGROUND

1. On April 14, 2010, SS Body Armor I, Inc. and its debtor affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On April 26, 2010, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").

2. On September 1, 2015, the Debtors and the Creditors' Committee filed the Plan.

3. On November 10, 2015, the Bankruptcy Court entered an order confirming the Plan [Bankr. D.I. 3526]. The Plan went effective on November 23, 2015 (the "Effective Date").

4. On the Effective Date, the Post-Confirmation Debtor Oversight Committee was established to oversee the functions and activities of the Post-Confirmation Debtor, which include, but are not limited to, winding up the affairs of the Post-Confirmation Debtor and other Debtors and resolution of disputes with the class plaintiffs in a prepetition securities action filed in the United States District Court for the Eastern District of New York (the "Class Plaintiffs"). In addition, Mr. Ryniker was appointed as the Recovery Trustee, and the Recovery Trustee, along with the Creditors' Committee and the Post-Confirmation Debtor Representative, executed the Recovery Trust Agreement. The Recovery Trust was established to "liquidat[e], distribut[e] and resolv[e] the claims to the Recovery Trust Assets." Recovery Tr. Agr. § 3.1. The Recovery Trust Committee was formed in accordance with the Recovery Trust Agreement to oversee the functions and activities of the Recovery Trustee in relation to the Recovery Trust.

5. Mr. Ryniker serves as the Recovery Trustee of the Recovery Trust and is a member of the Post-Confirmation Debtor Oversight Committee. Messrs. Ellis, Nayar,

28363918.4

Rosenbloom, and Thurmon serve as members of the Post-Confirmation Debtor Oversight Committee and/or Recovery Trust Committee.

6. On November 19, 2020, the Recovery Trust filed a motion to extend the term of the Recovery Trust [Bankr. Dkt. 4527] (the "Extension Motion"). On January 27, 2021, the Appellant objected to the Extension Motion [Bankr. D.I. 4544].

7. On February 24, 2021, the Recovery Trust filed a motion for entry of orders: (i) approving the terms of settlements (the "Settlements") reached by and between (a) the Recovery Trust, the Post-Confirmation Debtor, and the Class Plaintiffs, and (b) the Recovery Trust and Carter, Ledyard and Milburn LLP; (ii) authorizing a protocol for the orderly dissolution of the Post-Confirmation Debtor and the Recovery Trust; (iii) entering the final decree closing the Chapter 11 Cases; and (iv) granting related relief [Bankr. Dkt. 4547] (the "Closure Motion"). On March 10, 2021, the Appellant objected to the Closure Motion [Bankr. D.I. 4560].

8. On February 25, 2021, the Appellant filed the *Motion for an Order Removing Estate Fiduciaries for Cause, Requiring Disgorgement of Fees and Related Relief* [Bankr. D.I. 4550] (the "Removal Motion"). In the Removal Motion, Appellant sought to, among other things, (i) remove the Recovery Trustee and his counsel; (ii) remove the Post-Confirmation Debtor Representative and his counsel; (iii) remove Mr. Rosenbloom from his position as member of the Post-Confirmation Debtor Oversight Committee and the Recovery Trust Committee; and (iv) disgorge amounts paid to the Movants and Post-Confirmation Debtor Representative. The Removal Motion is replete with meritless and frivolous allegations and false statements regarding the Movants and the activities of the Post-Confirmation Debtor Representative and Recovery Trust. The Recovery Trust and Post-Confirmation Debtor filed an objection to the Removal Motion on March 2, 2021 [Bankr. D.I. 4555]. In addition, on February 26, 2021, the Recovery

28363918.4

Trust and the Post-Confirmation Debtor filed a motion to strike the Removal Motion (the "Strike Motion," and collectively with the Removal Motion, the Extension Motion, the Closure Motion, and all objections and responses thereto, the "Contested Matters").

9. The Bankruptcy Court held hearings on the Contested Matters on March 24, 2021, April 12, 2021, and April 15, 2021 (collectively, the "Hearings"). The Bankruptcy Court took the Contested Matters under advisement.

10. On June 10, 2021, the Bankruptcy Court entered the following orders with respect to the Contested Matters: (i) *Order Granting Motion to Extend Term of Recovery Trust* [Bankr. D.I. 4609] (the "Recovery Trust Extension Order"); (ii) *Order Denying Motion for Order Removing Estate Fiduciaries for Cause, Requiring Disgorgement of Fees and Related Relief* [Bankr. D.I. 4610] (the "Removal Order"); (iii) *Order (I) Approving Settlement with Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; and (III) Granting Related Relief* [Bankr. D.I. 4613] (the "Closure Order"); and (iv) *Order (I) Approving Settlement with Class Plaintiffs and (II) Granting Related Relief* [Bankr. D.I. 4614] (the "Class Plaintiff Settlement Order" and collectively with the Recovery Trust Extension Order, Removal Order, and Closure Order, the "Orders").

11. On June 22, 2021, Appellant filed notices of appeal with respect to each of the Orders [Bankr. D.I. 4618, 4619, 4620 & 4621] (collectively, the "Notices of Appeal"), thereby commencing appeals of the Recovery Trust Extension Order, Removal Order (the "Removal Order Appeal"), Closure Order, and the Class Plaintiff Settlement Order. The Notices of Appeals filed by Appellant designated the Recovery Trust as an appellee in each of the Appeals and the Post-Confirmation Debtor as an appellee in the Removal Order Appeal (together with the Recovery Trust, the "Appellees").

28363918.4

4

**RELIEF REQUESTED**

12. By this Motion, the Movants seek entry of an order granting them leave to intervene in the Appeals, with standing to be heard and participate in all proceedings related to the Appeals.

**ARGUMENT**

13. Rule 8013(g) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") sets forth the requirements for an entity seeking to intervene in a bankruptcy appeal pending before the District Court. Bankruptcy Rule 8013(g) requires that a motion for leave to intervene be filed within 30 days of the docketing of the relevant appeal and that the motion state: (i) the movant's interest, (ii) the grounds for intervention, (iii) whether intervention was sought in the bankruptcy court, (iv) why intervention is being sought at this stage of the proceeding, and (v) why participating as an amicus curiae would not be adequate. Fed. R. Bankr. P. 8013(g). Bankruptcy Rule 8013(g) does not, by its terms, require that a court be satisfied as to each of these questions. The Movants submit that their intervention is warranted and appropriate under these guidelines for the reasons set forth below.

14. *Filing Within 30 Days.* The Appellant filed the Notices of Appeal in the Bankruptcy Court on June 22, 2021 [Bankr. D.I. 4618, 4619, 4620 & 4621]. The Appeals were docketed in this Court on June 23, 2021 [Bankr. D.I. 4628, 4629, 4630 & 4631]. This Motion is being filed within 30 days of the docketing of the Notices of Appeal and is therefore timely.

15. *Movant's Interest.* The Movants have substantial legal and economic interests at stake in the Appeals commenced by the Appellant. The Movants consist of the Recovery Trustee and members of the Recovery Trust Committee and/or Post-Confirmation Debtor Oversight Committee. Each of the Appeals implicates the activities of Recovery Trustee and the Post-

Confirmation Debtor, which are subject to the oversight of the Recovery Trust Committee and Post-Confirmation Debtor Oversight Committee, respectively. Specifically, the Orders subject to the Appeals approved, among other things, the extension of the Recovery Trust, the Settlements entered into by the Recovery Trustee and the Post-Confirmation Debtor, and procedures for the wind down of the Post-Confirmation Debtor and Recovery Trust and closure of the Chapter 11 Cases. In addition, Appellant challenges the Bankruptcy Court's denial of the Removal Motion through the Removal Order Appeal. The Removal Motion sought to remove Mr. Ryniker as Recovery Trustee, disgorge payments made to the Movants, and made a number of false statements and baseless allegations regarding the Movants and the actions of the Recovery Trust and Post-Confirmation Debtor. The Movants, therefore, have every interest to participate in the Appeals and advocate in support of the Orders that Appellant challenges through the Appeals.

16. *Grounds for Intervention.* The Appellant did not include the Movants in the Notices of Appeal despite their participation in the Hearings and Contested Matters. If the Movants are not permitted to participate in the Appeals the Movants will have been denied the opportunity to be heard and defend their rights. The Appellant's failure to include the Movants as parties in interest to the Appeals should not strip the Movants of their right to be heard and defend their interests.

17. *Seeking Intervention in the Bankruptcy Court.* The Movants filed a notice of appearance [Bankr. D.I. 4583], attended the Hearings, and participated in the Contested Matters in the Bankruptcy Court that resulted in the entry of the Orders now subject to the Appeals (including by addressing the Bankruptcy Court in closing arguments regarding the Contested

28363918.4

Matters, among other things).[3]  Accordingly, the Movants are a proper party in interest to the Appeals and should be afforded the ability to defend the Orders before this Court.

18. *Intervening at the Current Stage.* The Motion is being filed because the Appellant failed to identify the Movants in the Notices of Appeals. The Appeals were docketed by this Court on June 23, 2021, and no other activity related to the Appeals has occurred to date other than the Appellant filing his designation of the record and statement of issues to be presented on appeal and Appellees' filing of a counter-designation.[4] The Movants are seeking to intervene proactively and do not believe any other parties in interest will be prejudiced by such intervention given the early stage of the Appeals. Therefore, the Movants submit that intervention at this current stage is warranted and appropriate.

19. *Participation as Amicus Curiae Is Inadequate.* While participation in a proceeding as an amicus curiae is an invaluable resource available to parties who wish to bring particular facts or views to a court's attention, such a role is insufficient for the Movants in the Appeals. Rule 29 of the Federal Rules of Appellate Procedure (the "Appellate Rules") provides the standards governing the involvement of parties in a proceeding as amicus curiae. Appellate Rule 29 places extensive limitations on the involvement of amicus curiae. It requires leave to file a brief, limits the brief to half the maximum length for a party's principal brief, requires court permission for filing a reply brief, and requires court permission for participation in oral argument. Perhaps most importantly, amici do not have standing to appeal any disposition by this Court. *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792 (3d Cir. 1991) (collecting cases). The Movants are parties with significant legal and economic interest in the

---

[3] Apr. 12, 2021 Hr'g Tr. at 138:15-139:22.

[4] The Movants filed a joinder to the Appellees' counter-designation [D.I. 16].

28363918.4

outcome of the Appeals and are not simply "friends of the court." The Movants therefore submit that they should be permitted to participate in every aspect of the Appeals, both substantively and procedurally, and should not be restricted by any of the limitations that may otherwise be imposed on parties participating as amicus curiae.

WHEREFORE, for the foregoing reasons, the Movants respectfully request that the Court enter an order granting the Movants leave to intervene in the Appeals, with full participation rights, and grant such other relief as is necessary and proper.

| | |
|---|---|
| Dated:  July 22, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br> /s/ Ashley E. Jacobs<br>Sean M. Beach (No. 4070)<br>Michael S. Neiburg (No. 5275)<br>Ashley E. Jacobs (No. 5635)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1256<br>Email:  sbeach@ycst.com<br>           mneiburg@ycst.com<br>           ajacobs@ycst.com<br><br>*Counsel for the Movants* |

28363918.4

## **RULE 7.1.1 CERTIFICATION**

The Appellant is a *pro se* litigant, and the Motion is brought by a nonparty. Accordingly, the consultation requirement of Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware does not apply. Nevertheless, the undersigned hereby certifies that counsel for the Movants attempted to obtain the Appellant's consent to the relief requested in the Motion but did not receive a response from Appellant as to whether or not the Appellant consented. The undersigned also certifies that the Appellees in each of the Appeals do not object to the relief requested in the Motion.

Dated: July 22, 2021                                             */s/ Ashley E. Jacobs*
                                                                                     Ashley E. Jacobs

28363918.4

## BANKRUPTCY RULE 8015(h) CERTIFICATION

Pursuant to Bankruptcy Rule 8015(h), the undersigned certifies that the Motion complies with the type-volume limitations of Bankruptcy Rule 8013(f)(3)(C) because the Motion contains 2,069 words pursuant to the word count stated in the word-processing system.

Dated: July 22, 2021            */s/ Ashley E. Jacobs*  
                                Ashley E. Jacobs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SS Body Armor I, Inc., *et al*., | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |
| Jon Jacks, | |
| Appellant. | Civ. Action No. 21-895-MN |
| v. | Civ. Action No. 21-896-MN |
| SS Body Armor I, Inc., *et al*., The Recovery Trust for SS Body Armor I, Inc., *et al*. | Civ. Action No. 21-897-MN |
| | Civ. Action No. 21-898-MN |
| Appellees. | |

## **CERTIFICATE OF SERVICE**

I, Ashley E. Jacobs, hereby certify that on July 22, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to all registered participants. I further certify that on July 22, 2021**,** I caused the foregoing document to be served by electronic mail on the following:

    Jon Jacks
    1479 Ashford Avenue #912
    San Juan PR 00907
    Email: jon@stockhub.com

2

| | |
|---|---|
| Dated: July 22, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ *Ashley E. Jacobs*<br>Sean M. Beach (No. 4070)<br>Michael S. Neiburg (No. 5275)<br>Ashley E. Jacobs (No. 5635)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1256<br>Email: sbeach@ycst.com<br>       mneiburg@ycst.com<br>       ajacobs@ycst.com |