

**GELLERT
SCALI
BUSENKELL
& BROWN, LLC**

*Michael Busenkell, Esq.*
*(302) 425-5812*
*mbusenkell@gsbblaw.com*

September 8, 2021

**VIA CM/ECF**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Wilmington, DE 19801-3555

    Re:    *Jon Jacks v. The Recovery Trust for SS Body Armor I, Inc.*, et al.
             (Civil Action Nos. 21-cv-00895, 00896, 00897 and 00898-MN)

Dear Judge Noreika:

On behalf of Carter Ledyard & Milburn LLP ("CLM"), we write to respectfully request that the Court reconsider the order (the "Order") adopting the briefing schedule proposed by Appellant, Appellees, and Interveners with respect to the captioned appeals.

A portion of the order at issue on this appeal relates to the bankruptcy court's approval of the settlement of CLM's fee claim ("CLM Fee Settlement"). Approval of the CLM Fee Settlement was unopposed in the bankruptcy court. In addition, Appellant Jon Jacks ("Jacks") did not oppose CLM's motion to dismiss the pending appeal insofar as it relates to approval of the CLM settlement ("CLM Motion"). However, Appellees (the "Debtor Parties") have opposed that portion of the CLM Motion authorizing the actual payment of the approved CLM fee from the $5 million reserve set aside for payment of CLM's fee in 2018. The Debtor Parties insist that CLM must wait until final resolution of all appeals before getting paid.

Our reply brief in support of the CLM Motion demonstrated that it is both pointless and unjustly punitive to force CLM to wait further to get paid a fee it earned more than a decade ago, until the final resolution of all appeals on entirely unrelated issues between Jacks and the Debtor

1201 N. ORANGE STREET
SUITE 300
WILMINGTON, DELAWARE 19801
P: 302. 425. 5800 | F: 302. 425. 5814

www.GSBBLAW.com

8 PENN CENTER
1628 JOHN F. KENNEDY BLVD, SUITE 1901
PHILADELPHIA, PENNSYLVANIA 19103
P: 215. 238. 0010 | F: 215. 238. 0016



Parties. The schedule set forth in the Order indicates that briefing of the appeal in this Court will not be completed until the beginning of 2022. Realistically that means that, after briefing and argument, a decision by the Third Circuit on an appeal from the decision of this Court may not be issued until some time in 2023.

CLM was not consulted by any party prior to the filing of the proposed briefing schedule, even though CLM's interests would be very much affected if this Court were to accept the argument of the Debtor Parties.

If the CLM Motion is granted in full by this Court, CLM obviously has no objection to the briefing schedule set forth in the Order. However, if payment to CLM of its unopposed fee is to be held hostage to a final resolution of all appeals on unrelated issues between Jacks and the Debtor Parties, then CLM respectfully requests that the Court reconsider the schedule set forth in the Order and instead direct a more expedited briefing of the issues on appeal.

Respectfully submitted,

*Michael Busenkell*

Michael Busenkell (DE 3933)

Cc:   Via CM/ECF on all counsel registered to receive electronic notifications and via electronic mail upon Jon Jacks.